We've switched the order of the calendar, and we will first hear in Claiborne v. Roscoe B. K. Restaurant. Good morning. May it please the Court, Elizabeth Barros, Federal Defenders, for Mr. Lopez. In this appeal, Mr. Lopez has raised three issues. The first is that the indictment is deficient for failure to state an offense. The second is that the trial court constructively amended the indictment. And third, a question with respect to the sufficiency of the evidence. Unless the Court would like me to focus on the second issue, I intend to focus on the first issue with respect to the deficiencies in the indictment. An indictment… Just one second. It's a missing element you're going to focus on, right? Yes. Okay. And if you're right, is the case presented back, retrial, re-indictment, if at all, is that the result, if you're successful on that point? Your Honor, if we're successful, then the indictment must be dismissed, and the statute of limitations has long run. It has run? Yes. Okay. So it is well established that an indictment must set forth all of the elements necessary to constitute an offense, and this Court reaffirmed post-Cotton and Omer that failure to allege the required mens rea is a fatal defect and is not subject to harmless error review. The Government and the Court below recognize that this Court has found specific intent to threaten is an element, but citing to this Court's decision in Davis and De La Fuente, the Government says that there are only two elements, that the threat was knowingly – excuse me, that the defendant knowingly caused to be delivered a communication and that the communication contained a threat. And I think this issue is really resolved by this Court's decision in United States v. King. In United States v. King, this Court found that a jury instruction that mirrored that language in the statute was insufficient, and that – and King came after Davis. And in King, this Court said that jury instruction mirroring that language is insufficient. The Court specifically said that the language from Davis, upon which the Government relies, cannot bear the weight the Government would place on it, and that the quoted passage merely responds to the defendant's argument that proof was required that he reasonably anticipated that the threats would get him released from prison. So in that case, in Davis, for example, the defendant was arguing that he had to believe that by making – responding to this communication, it would result in him being released from prison, and that simply is not an element of offense. And that's what Davis was addressing in that quoted passage. This Court has also said that if an element is necessary to convict, it's also necessary to indict. And in King, this Court found that it was necessary in order to convict, that it had to be included in the jury instructions. So I think that this Court's decision in King really resolves the issue as to whether it is in fact an element, and Omer says that a mens rea element must be included in the indictment. So how would you have reworded the indictment in your judgment to make it sufficient? I think that it could have been reworded in perhaps one of two ways, that the defendant, Mr. Lopez, intentionally threatened to injure Judge Gonzalez by knowingly and intentionally causing to be delivered a communication that contained a threat, or alternatively, that Mr. Lopez knowingly intentionally caused to be delivered a communication in which he intentionally threatened to injure Judge Gonzalez by dispersing anthrax. You know, as I listen to all of those, I'm not sure I see a distinction between the present indictment or your two alternatives in terms of a common-sense interpretation by the jury. I think that there's a significant distinction. In Twine, the Court, this Court found that the intent element of 876 is both as to the transmission of the communication and the intent to threaten. So the present indictment stated only, and it didn't say intentionally, it said knowingly, which I don't believe was sufficient, but it referred only to knowingly caused to be delivered. It didn't even use an active verb when it referred to the threat. It said contained a threat. Nowhere does the indictment even allege that he threatened the judge. Well, Twine was a diminished capacity case, which is far different from what we have here, because you're not alleging diminished capacity. We did not allege diminished capacity, but Twine had to determine whether or not it was a specific intent crime to determine whether diminished capacity was admissible. And this Court has made very clear in both King and after King, more recently in Kieser, which was a case that came after the Supreme Court's decision in Virginia v. Black, that specific intent to threaten is an element of a threat case, and it's constitutionally required. Under the First Amendment, the specific intent to threaten is a required element. I think we have your argument at hand. Any questions? Okay. Why don't you reserve your time. Thank you. May it please the Court? My name is Ann Voights, and I represent the government in this case. This Court should affirm defendant's conviction because the indictment adequately alleged the offense, and in particular, the elements required. I will not address the other two issues in light of defense counsel's focus on that first issue. But with respect to the indictment, the indictment adequately alleged the element of specific intent because it said the defendant had knowingly caused to be delivered by the Postal Service a communication containing a threat to injure Judge Gonzales. And in particular, if this Court looks at the Supreme Court's decision in Resendez-Ponce, its own decisions in cases like Ross and Davis, the word threat itself, as defined in Black's Law Dictionary, as defined also in more conventional dictionaries like Merriam-Webster, a threat is a communicated intent to inflict harm or loss. And so the knowingly causing a communication to be delivered containing a threat adequately pleads the element of specific intent. So how do you deal with King? I think that King was not a case that dealt with the adequacy of the indictment. Here the question is, does the indictment under Resendez-Ponce, does it adequately state the essential facts? Can you imply from it the necessary elements? And we would submit that it does because the language knowingly causing to be delivered a threat, a threat itself is an expression of the intent to injure. And thus it contains, just as in Resendez-Ponce, the Supreme Court found that attempt includes both the elements of the act, the overt act, and the element of intent. Similarly here, the word threat, the knowingly causing a threat to be conveyed, also contains the element of intent. We would submit that that is sufficient under the Supreme Court's precedent, or Resendez-Ponce, under this court's similar precedent in Ross, where this court held, for example, that the word embezzle in an indictment adequately included the element of mens rea, of specific intent in that case. Similarly, in Davis, this court concluded that the word escape in an indictment was adequate to allege the mens rea. And so in light of that precedent, we would submit that the indictment was appropriate and that defendants' suggestions as to how the indictment would have been altered would, as Judge Thomas pointed out, not necessarily be a distinction with a real difference, that as it is, the indictment was adequate for the purposes that it needed to do. Do you remind me, in the jury instruction, was the element of intent specifically included? It was. If the court would like to cite to that, the instruction appears on ER 275 and 276, and so it was broken out. The defendant jury was instructed that they had to find that the defendant intended that the communication be understood as a threat and that it would be understood as a reasonable person as a serious expression of crime. So how do we integrate this? On the one hand, the indictment has to inform the defendant of what he's charged with and the elements of the crime. Your contention is that it does so, but maybe not using the word intent. The jury instruction does use the word intent. Does the jury instruction in any way cure whatever deficiency might exist in the indictment for purposes of this case? We believe that it does. And thus, if this Court does not agree with us that the indictment was sufficient, we would submit that this doesn't fall under the Dubot rule because the indictment certainly doesn't completely omit the element of mens rea because it does include the requirement that the defendant knowingly caused it and that the communication expressed the intent to harm Judge Gonzales. And thus, it would not be subject to structural error and, per se, reversal. If the Court has no further questions, we'd be happy to submit them. Thank you. Thank you very much. In rescinded confe, the Supreme Court the indictment in that case alleged that the defendant knowingly and intentionally attempted to enter. So the indictment in that particular case did include the knowingly and intentionally. And the verb that was used was attempted. It was an active verb. In each of the cases that the government cites to Davis and Roy, the verb, first of all, was an active verb, that he did escape or that he embezzled. In this case, the indictment never even says that he threatened. It just says that the communication contained a threat. Moreover, in rescinded confe and Davis, the Court looked to the historical meaning of the term, and they were terms that were understood by both lawyers and laymen alike to include the specific mens rea. Here, the term threat doesn't have the same long and undisputed historical meaning. What constitutes a true threat and the necessary mens rea attached to that term has evolved with the First Amendment jurisprudence and remained somewhat unsettled until Virginia v. Black. In Castle, for example, this Court noted that Virginia v. Black affirms our own dictum, not always adhered to in our cases, that the element of intent is a determinative factor. So the term, the word threat cannot be interpreted like attempt was interpreted by the Supreme Court in rescindeds v. Ponce or like the term escape was interpreted in Davis. It doesn't have that same long-standing and undisputed historical meaning that's understood to both lawyers and laymen alike. Let me ask you this, counsel. You're familiar with the Berger case. I'm just going to read something here on a test. It says the test for sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. That's also an awad. That's really what we're talking about here, isn't it? I mean, obviously the common sense reaction to this is, yeah, it's implied. On the other hand, DuBose says that's not enough. So I gather your argument is when it comes to an indictment, we have to err, in effect, on the side of the defendant here because there's no specific allegation. What about the role of the jury instructions that did have a specific intent included? What role, if any, does that play in our analysis? I think there's two questions there. One, DuBose says that the failure to allege the mens rea is not a minor or technical deficiency in the indictment. And so the type of error that was involved here is not minor or technical. The second is the role of the jury instructions, and that's resolved by this Court's holdings in both Omer and in Keith. Specifically in Keith, this Court said, quote, the failure of the indictment to charge two essential elements could not be cured by the trial court by amendment or through jury instructions, end quote. The fact that the jury instructions included that element simply could not cure the failure to present that to the grand jury. So from your perspective, the want of the word intent is a structural error from which there is no recovery. Yes, and I believe DuBose and Omer controlled it. Okay. All right. Thank you, counsel. Thank you both for your arguments on the briefs. The case should certainly be submitted for decision.
judges: Thomas, Smith, Christen